**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4657

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DELVONTE E. HARRIS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:21-cr-00018-REP-1)

Submitted:  August 2, 2023                    Decided:  August 11, 2023

Before WILKINSON and THACKER, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Reginald M. Barley, Richmond, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Stephen E. Anthony, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Delvonte E. Harris entered a conditional guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  On appeal, Harris argues that the district court erred in denying his motion to suppress evidence seized following a pat down search of his person.  We affirm.

"When reviewing a district court's ruling on a motion to suppress, we review factual findings for clear error and legal determinations de novo," "constru[ing] the evidence in the light most favorable to the prevailing party."  *United States v. Lull*, 824 F.3d 109, 114-15 (4th Cir. 2016) (internal quotation marks omitted).  "An officer may stop and briefly detain a person when the officer has reasonable, articulable suspicion that the person has been, is, or is about to be engaged in criminal activity."  *United States v. Coleman*, 18 F.4th 131, 136 (4th Cir. 2021) (quoting *United States v. Montieth*, 662 F.3d 660, 665 (4th Cir. 2011)).  "To establish reasonable suspicion, an officer must have a minimal level of objective justification, meaning that [he] must be able to articulate more than an inchoate and unparticularized suspicion or hunch of criminal activity."  *United States v. Gist-Davis*, 41 F.4th 259, 264 (4th Cir. 2022) (internal quotation marks omitted).  Once an officer performs a valid stop, "[he] may conduct a protective frisk of the person for weapons," if the officer has reasonable suspicion that the person stopped "may be armed and presently dangerous."  *Id.* (internal quotation marks omitted).

2

Courts assess the legality of a *Terry*[1] stop and frisk under "the totality of the circumstances, 'giving due weight to common sense judgments reached by officers in light of their experience and training.'" *Gist-Davis*, 41 F.4th at 264 (quoting *United States v. Perkins*, 363 F.3d 317, 321 (4th Cir. 2004)). "Judicial review of the evidence offered to demonstrate reasonable suspicion must be commonsensical, focused on the evidence as a whole, and cognizant of both context and the particular experience of officers charged with the ongoing tasks of law enforcement." *United States v. Branch*, 537 F.3d 328, 337 (4th Cir. 2008). "[M]ultiple factors may be taken together to create a reasonable suspicion even where each factor, taken alone, would be insufficient." *United States v. George*, 732 F.3d 296, 300 (4th Cir. 2013).

We have reviewed the record and conclude that the district court did not err in holding that the officers had reasonable suspicion that Harris had driven under the influence of alcohol or drugs. And because there is an "indisputable nexus between drugs and guns," the district court also correctly concluded that the officers had reasonable suspicion that Harris was armed and dangerous. *See United States v. Sakyi*, 160 F.3d 164, 169 (4th Cir. 1998); *see United States v. Rooks*, 596 F.3d 204, 210 (4th Cir. 2010) ("[A]n officer who has reasonable suspicion to believe that a vehicle contains illegal drugs may order its occupant[] out of the vehicle and pat [him] down for weapons."). Therefore, the officers' pat down search of Harris was valid under the Fourth Amendment.

---

[1] *Terry v. Ohio*, 392 U.S. 1 (1968).

3

Accordingly, we affirm the criminal judgment.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] The district court also found that the officers' conduct was justified under the emergency aid exception, and the parties raise arguments related to that exception on appeal.  Because we conclude that the officers performed a lawful stop and pat down based on reasonable suspicion, we do not reach the emergency aid exception.